PROVIDENCE MINING, MANUFACTURING & SHIPPING COMPANY *v.* A. TOWNER'S ADM'R.

**Corporations—Dissolution.**

> Where a corporation has its special charter taken from it by the legislature, has no assets and owes no debts, equity demands that the various subscribers for its stock shall as nearly as possible be placed in status quo.

APPEAL FROM HOPKINS CIRCUIT COURT.

March 30, 1877.

OPINION BY JUDGE LINDSAY:

The stock subscribed in the Providence Mining, Manufacturing and Shipping Company consisted in the beginning of nothing else than the mining rights and privileges in certain real estate, each acre subscribed entitling the subscriber to fifty dollars of stock.

A. Towner, deceased, subscribed one hundred acres, and was there-
fore entitled to stock to the amount of five thousand dollars. The
court below adjudged that Towner was entitled to no judgment
against the company either for his services as president, or for the
money alleged to have been paid out for its use and benefit, and from
this judgment his administrator and heirs-at-law do not appeal. But
the court, acting on the assumption that the rights of the stockhold-
ers could not be properly adjusted in any other way, confirmed the
sale of all the mining privileges originally owned by the company,
and reversed the case for the purpose of making distribution of the
proceeds.

The record does not show that the company owes one cent; it does
show that two of these plaintiffs held each ten thousand dollars of
stock, and that $200,000 of stock was held by their auditor, A.
Towner, at the time of his death; also that $20,000 had at one time
been issued in the name of Lambert, and that one or two other per-
sons had held a share or two of stock. There is some proof tending
to show that $1,000 of stock was sold to some person living in Union
county, but no claim is asserted on this account, and the name of the
person seems to be unknown.

Lambert asserts no claim, and expressly states that he has no in-
terest in the stock issued to him. The $200,000 of stock issued to
the decedent, Towner, seems to have been a mere gratuity. He did
not pay anything for it. We presume it was issued to enable him to
carry out some of his visionary schemes of selling it in the market
for the benefit of the company, and that the scheme failed, and hence
the stock remained in his hands up to the time of his death. The
plaintiffs paid nothing for the stock held by them, and as it was never
sold by the company they can claim nothing out of its assets.

Neither Laughlin nor Petrel assert claim to the shares standing
in their names, and nothing was paid to the company for them. The
vague testimony tending to show a right in the Union county resi-
dent, who claims nothing for himself, is not sufficient to warrant the
judgment of the court below, unless it is necessary and proper in
view of other considerations.

The mining, manufacturing and shipping enterprise proved an ut-
ter and complete failure, and the legislature, in the exercise of a
right, expressly reserved, repealed the charter of the company and
provided that the mining rights and privileges subscribed by the va-
rious stockholders should revert to and invest in the owners of the
various parcels of land. It may be this last provision is in excess of

legislative power, or at least that it was the exercise of a doubtful power. This question we need not investigate. If it had been omitted from the repealing act it would under all the circumstances of the case have been the duty of a court of equity to have settled the rights of the various parties by a judgment to the same effect.

The corporation did not at any time become an active, breathing and living enterprise. It acquired no rights in addition to its stock subscriptions, and passed out of existence leaving no unpaid liabilities, and therefore equity demands that the various subscribers for stock shall as nearly as possible be placed in status quo.

The judgment of sale is reversed, and to avoid all doubts as to the validity of the legislative act, the chancellor will enter a judgment conforming to its provisions, and investing each stockholder, or his representative, with the rights and privileges he conveyed to the company.

The costs of the action in the lower court will be taxed jointly against all the parties in interest. Judgment *reversed.*

*M. C. Givens, Waddell & Pratt, for appellant.*

*H. T. Petree, for appellee.*